# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-321-MOC-WCM

| | |
|---|---|
| ROBERT V. WILKIE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA )<br>(THE HONORABLE MARTIN )<br>REIDINGER, IN HIS OFFICIAL )<br>CAPACITY), )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on the following motions: (1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2); (2) Defendant's Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim (Doc. No. 3); (3) and on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, (Doc. No. 8).

## I. BACKGROUND

On November 16, 2017, pro se Plaintiff Robert Wilkie filed a lawsuit in this Court against Amica Mutual Insurance Company. See Robert V. Wilkie, individually, and as Executor of the Estate of Judith Kathryn Sellers Wilkie v. Amica Mut. Ins. Co., 1:17-cv-314 (W.D.N.C.). That lawsuit arose out of a dispute between Plaintiff and the provider of his homeowners' insurance policy, in which Plaintiff alleged that that the defendant-insurer, among other things, unlawfully cancelled his policy and retaliated against his family by denying claims following a house fire; engaged in a bid-rigging and kickback scheme; violated antitrust laws, the Sherman Act, and North Carolina's Unfair and Deceptive Trade Practices Act; breached a settlement

1

agreement; and violated his civil rights.  Plaintiff sought compensatory damages and an apology from the defendant-insurer.

The defendant-insurer filed a motion to dismiss.  After briefing closed, the U.S. magistrate judge entered a Memorandum and Recommendation, recommending that the motion to dismiss be granted.  Plaintiff did not file objections.  After the deadline for objections had passed, the Honorable Judge Martin Reidinger entered an order accepting the Memorandum and Recommendation and dismissing the case with prejudice pursuant to Rule 12(b)(6).

Plaintiff filed this action on November 7, 2019, naming as Defendants "the United States Judicial Branch WDNC" and Judge Reidinger in his official capacity, alleging "constitutional rights violations" arising out of the dismissal of the prior lawsuit.  (Doc. No. 1 at 9). Specifically, Plaintiff claimed that Judge Reidinger deprived him of his constitutional rights under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, and acted in "bad faith," when he "arbitrarily" dismissed the complaint despite Plaintiff's demand for a jury trial.  (Id. at 9).  Plaintiff also asserted a negligence claim arising out of Judge Reidinger's purported breach of a duty of care – "his duty of his oath of office" – which Plaintiff claimed proximately caused harm and damages.  (Id. at 10).  Plaintiff sought $630,000 in compensatory damages.  (Id.).

On December 5, 2019, the United States filed a motion to dismiss for failure to state a claim under Rule 12(b)(6).  (Doc. No. 3).  On December 12, 2019, the Court ordered Plaintiff to respond by December 26, 2019, advising Plaintiff that "failure to file a timely response will likely lead to dismissal of the claims against Defendant."  (Id.).  On December 30, 2019, Plaintiff filed a pleading titled "Amended Complaint."  (Doc. No. 6).  In substance, the Amended Complaint is similar to the original complaint in that it still references Judge Reidinger and

2

alleges that either Judge Reidinger or the "United States (Judicial Branch WDNC)" violated Plaintiff's rights under the Fifth, Seventh, and Fourteenth Amendments. (Id. at 1). The only material differences between the two complaints are that, in the Amended Complaint, Plaintiff omitted Judge Reidinger's name from the case caption and Plaintiff omitted allegations that Judge Reidinger acted in bad faith. Despite still including Judge Reidinger in some of the allegations in the body of the Complaint, Plaintiff alleges that he "is not seeking a cause of action against the Honorable Judge Martin Reidinger therefore . . . absolute judicial immunity does not apply." (Id. at 7).

Defendant filed the pending motion to dismiss the Amended Complaint on January 10, 2010. This Court again gave Plaintiff fourteen days to respond to the motion. (Doc. No. 10). Plaintiff has not responded to the motion to dismiss, and the time to do so has passed. Therefore, this matter is ripe for disposition.

   II.   STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuvyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion is on the plaintiff, the party asserting subject matter jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). And "[t]hreadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Id.

In considering a Rule 12(b)(6) motion, the Court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'") (quotation omitted).

### III. DISCUSSION

The Court first addresses Plaintiff's motion to proceed in forma pauperis. In support, the Court has considered Plaintiff's affidavit, which shows that Plaintiff received $1233 in monthly income during the past twelve months, and he expects to receive no income next month. (Doc. No. 2 at 2). Plaintiff states that he has no cash and no funds in any financial institutions. (Id.). Plaintiff reports $1050 in monthly expenses. (Id. at 4-5). In explaining why he cannot pay the costs of these proceedings, Plaintiff states that his "[s]ole income is Social Security Disability." (Id. at 5). The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, Plaintiff's motion will be granted.

First, the Court finds that Defendant's motion to dismiss the original Complaint is denied as moot because the Amended Complaint superseded the original Complaint. Next, Court grants Defendant's motion to dismiss the Amended Complaint for several reasons. First, Plaintiff's amended complaint is untimely. In the Court's December 12, 2019, order advising Plaintiff of his right to respond to the United States' first motion to dismiss, the Court gave Plaintiff until December 27, 2019, to respond. (Doc. No. 5 at 2). Rather than responding to the motion to

4

dismiss, Plaintiff filed the Amended Complaint on December 30, 2019.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one days of serving the complaint or twenty-one days after service of a responsive pleading, or twenty-one days after service of a motion under Rule 12(b). FED. R. CIV. P. 15(a)(1). In all other cases, a party may amend "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Here, the Court ordered Plaintiff to respond to the United States' motion to dismiss by December 27, 2019. Under Rule 15, any amendment as of right must have been filed by that same deadline. Because Plaintiff did not seek the United States' consent to file the amended pleading, nor has the Court given leave to file it, the Amended Complaint is untimely and subject to dismissal on this basis alone.

In any event, the motion to dismiss will be granted on other grounds. First, Plaintiff's attempt to bring suit against the United States, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 is unavailing.[1] Because it is a sovereign government, the United States is immune from suit unless it consents to be sued. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). This immunity extends to federal agencies and to government officials sued in their official capacity. Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys., 132 F.3d 985, 988 (4th Cir. 1997) (federal agencies). Any alleged consent to suit must be "unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotations omitted).

While Bivens and its progeny establish that federal officials can be held liable for

---

[1] Bivens is the "federal analog to suits brought against state officials under 42 U.S.C. § 1983." Iqbal, 556 U.S. at 675-76.

damages in their individual capacities, the Supreme Court has made clear that a Bivens action cannot be brought against agencies or departments of the United States because the United States has not consented to suit under Bivens. Meyer, 510 U.S. at 486 (declining to extend Bivens to federal agencies); see also Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (noting "a Bivens action does not lie against either agencies or officials in their official capacity"). A plaintiff "cannot circumvent the bar of sovereign immunity by simply naming individual officers or employees of the United States as defendants." Anderson v. Drew, No. CIV.A. 1:10-996-RMG, 2011 WL 2472240, at *2 (D.S.C. June 21, 2011). Moreover, Bivens "does not create general purpose liability for federal officials." Housecalls Home Health Care v. U.S. Dep't of Health & Human Servs., 515 F. Supp. 2d 616, 624 (M.D.N.C. July 23, 2007). There is no respondeat superior liability in a Bivens (or § 1983) action. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001); Iqbal, 556 U.S. at 676 (vicarious liability is inapplicable to Bivens and § 1983 suits).

Here, Plaintiff cannot state a Bivens or a § 1983 cause of action against the United States itself. Plaintiff has failed to state a claim under Bivens and has failed to show that the United States has waived sovereign immunity for Plaintiff's claims. The Court therefore lacks subject matter jurisdiction.

Next, to the extent that Plaintiff seeks to sue Judge Reidinger, judges are protected by absolute immunity for judicial acts except when they act in the clear absence of jurisdiction. An act by a judge is "judicial" when it is "normally performed by a judge and ... the parties dealt with the judge in his judicial capacity." King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992). And there is no absence of jurisdiction when, at the time the judge took the challenged action, he had jurisdiction over the subject matter before him. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (jurisdiction in this context "must be construed broadly.").

Despite that Plaintiff alleges that his lawsuit is no longer against Judge Reidinger, the Amended Complaint nevertheless alleges that Judge Reidinger "was acting under color of statute, ordinance, or regulation, namely the doctrine of accord and satisfaction and the Federal Rule of Civil Procedure 12(B)(6) . . ." and "[t]he Federal Rule of Civil Procedure 12(b)(6) and the Doctrine of Accord and Satisfaction . . . deprived the Plaintiff s [sic] of their rights under the United States Constitution." (Doc. No. 6 at 3, ¶¶ 1, 6). Plaintiff's allegations relate to Judge Reidinger's actions taken in his official capacity as a judge. See (Id. at ¶¶ 5-6). Judge Reidinger will be dismissed from this action with prejudice because he is immune from suit pursuant to the doctrine of absolute judicial immunity.[2]

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed as to all Defendants.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

(2) Defendant's Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim, (Doc. No. 3), is **DENIED** as moot;

(3) Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, (Doc. No. 8), is **GRANTED**, and this matter is dismissed with prejudice.

(4) The Clerk is directed to terminate this action.

---

[2] Additionally, to the extent that Plaintiff appears to allege violations of his constitutional rights under the Fifth, Seventh, or Fourteenth amendments to the United States Constitution based on the fact that his prior lawsuit was dismissed pursuant to Rule 12(b)(6), the court's adjudication of Plaintiff's prior lawsuit simply did not violate his constitutional rights.

Signed: February 11, 2020

Max O. Cogburn Jr
United States District Judge